IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARGIE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:20-cv-1925 |
| v. ) | |
| ) | Randolph County Case No. |
| ) | 20RA-CV01624 |
| ) | |
| CHRISTOPHER HOFFMAN and ) | |
| STAN KOCH & SONS TRUCKING, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant Stan Koch & Sons Trucking, Inc., pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1446, hereby files this Notice of Removal of the above-entitled action to the United States District Court for the Eastern District of Missouri, and in support thereof, state as follows:

**A.   Venue is proper in the U.S. District Court for the Eastern District of Missouri**

1. The above-entitled action was filed by Plaintiff in Randolph County, Missouri as Case No. 20RA-CV01624 on November 30, 2020.

2. Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Eastern District of Missouri, Northern Division, because Randolph County, Missouri is within the Eastern District of Missouri.

**B.   The Procedural Requirements for Removal are Satisfied**

3. Defendant Stan Koch & Sons Trucking, Inc. was served with the Summons and Complaint on or about December 7, 2020. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)(1).

4.       Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Randolph County Clerk of Court pursuant to 28 U.S.C. §1446(d).

5.       Copies of all known process and pleadings served upon Defendant are filed contemporaneously with this Notice of Removal in accordance with 28 U.S.C. §1446(a). (*See* Exhibit A).

        **C.**       **There is Diversity Among The Parties**

6.       This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2) because none of the Defendants are a citizen of this State, and there is complete diversity of citizenship between all parties.

7.       Plaintiff is an individual domiciled in Missouri and Plaintiff is a citizen of the State of Missouri.

8.       Defendant Stan Koch and Sons Trucking, Inc. is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.  Defendant Stan Koch and Sons Trucking, Inc. is a citizen of the State of Minnesota.

9.       Defendant Christopher Hoffman is a citizen of the State of Indiana.

### D. <u>Non-Served Parties Need Not Consent</u>

10. Defendant Stan Koch and Sons Trucking, Inc. has no knowledge or notice that Defendant Christopher Hoffman has been served with process in this case at the time of this Notice of Removal. (*See* Missouri Casenet Online Docket Sheet, <u>Exhibit B</u>).

11. 28 U.S.C. §1146(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined <u>and served</u> must join in or consent to the removal of the action." (emphasis added).

12. Because Defendant Stan Koch and Sons Trucking, Inc. has no knowledge or information that Defendant Christopher Hoffman has been served with process in this case, this unserved Defendant need not consent to this removal at this time.

### E. <u>The Amount in Controversy Exceeds $75,000</u>

13. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. §1332(a).

14. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except that* – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2)(A)(ii).

15. Under Missouri Supreme Court Rule 55.05, a plaintiff alleging a tort claim is not permitted to plead a specific dollar amount, except to determine jurisdiction. *Carlyon v. Counts*, 4:16 CV 776 CDP, 2016 WL 3753704, at *1 (E.D. Mo. July 14, 2016).

16. "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *See e.g. Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

17. Here, Plaintiff alleges that she "sustained significant bodily injuries including injuries to her right hip," "has sustained past, present, and future severe pain, suffering, and anguish," "has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known," and "has incurred, and in the future may incur lost wages, lost income, lost profits, and loss of earning capacity." (*See* Exhibit A). In light of these allegations, a good faith estimate of the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is not legally certain that the amount in controversy is less than $75,000.

WHEREFORE, Defendant Stan Koch and Sons Trucking, Inc. removes this case to the United States District Court for the Eastern District of Missouri and hereby request that the filing of this Notice of Removal shall effect the removal of said civil action to this Court.

 /s/ Patrick E. Foppe
Patrick E. Foppe                               #57124
Brian R. Betner                                # 61367
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO  63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)
pfoppe@lashlybaer.com
bbetner@lashlybaer.com

*Attorneys for Defendant Stan Koch & Sons Trucking, Inc.*

4

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that the foregoing pleading was served via the Court's electronic filing system on December 31, 2020, upon all counsel of record.

             */s/ Patrick E. Foppe*